# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TERRANCE DURRELL SAYLES.

        Defendant.

Case No. CR17-2073-LTS

**ORDER**

_____

This case is before me on defendant Terrance Sayles' motion (Doc. 44) for a sentence reduction based on United States Sentencing Guideline (USSG) Amendment 821. Sayles has been identified by the United States Sentencing Commission as being potentially eligible for relief under Amendment 821. Counsel filed the motion on Sayles' behalf and the Government did not file a resistance.

## I. *AMENDMENT 821*

18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of

imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

On November 21, 2023, the United States Sentencing Commission enacted several amendments to the guidelines. Relevant to this case, Amendment 821 amends § 4A1.1(d), the so-called status points provision that added criminal history points when a defendant committed the charged offense while under a criminal justice sentence.

Section 4A1.1(d) added "2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 deleted subsection (d) and redesignated it as subsection (e). The new subsection provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

## II.    DEFENDANT'S CASE

On November 28, 2017, Sayles pleaded guilty to possession of a firearm by a felon and possession of a stole firearm. Docs. 15, 17. The presentence investigation report (PSIR) found that Sayles had a total offense level of 23 and a criminal history category of III based on five criminal history points, including two points assessed pursuant to §4A.1.1(d). Doc. 22 at 5, 9. The resulting guideline range was 57 to 71 months' incarceration. *Id*. at 16. On April 26, 2018, I sentenced Sayles to 57 months' incarceration, which was the bottom of the guideline range. Doc. 39. He did not appeal. However, he filed a document which the Clerk's office construed to be a motion pursuant to 28 U.S.C. § 2255, which remains pending.

2

According to the online Bureau of Prison inmate locator, Sayles is 35 years old. He is currently incarcerated at FCI Beckley, in Beaver, West Virginia, and has an estimated release date of April 22, 2029.

### III.   ANALYSIS

Applying Amendment 821 retroactively, Sayles would now receive zero points under § 4A1.1(e), as he would have three points under subsections (a) through (d) and he committed the instant offenses while under a criminal justice sentence.   With a total of three criminal history points, rather than five, he would have a criminal history category of II and his guideline range would be reduced to 51 to 63 months' incarceration. *See* USSG Chapter 5, Part A (Sentencing Table) (indicating that a defendant with three criminal history points has a criminal history category of II).

Given the record here, I conclude that I do not need additional briefing from the parties, nor is the presence of the defendant required. *See* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under Title 18, United States Code, Section 3582(c)).   Rather, pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10, I find it appropriate to grant Sayles' motion and reduce his sentence to 51 months to reflect the retroactive amendment to § 4A1.1.[1]   In reaching this conclusion, I have reviewed Sayles's file, his brief, the PSIR, the provisions and commentary of Amendment 821, the factors set forth in § 3553(a) and the nature and seriousness of the danger to any person or community that may be posed by a reduction in Sayles' term of imprisonment.

---

[1] Sayles' new sentence is the bottom of the amended guideline range.

## IV. CONCLUSION

For the reasons set forth herein:

1.     Sayles' motion (Doc. 44) for a sentence reduction is **granted**.  Sayles' previously imposed sentence of 57 months' incarceration is **reduced** to 51 months' incarceration.    All other provisions of the judgment (Doc. 39) remain in effect, including the duration and conditions of Sayles' supervised release.

2.     The Clerk's office is directed to send a copy of this order to the BOP facility where Sayles is currently incarcerated. The Clerk's office is also directed to send a copy of this order to the office of the Federal Public Defender and the United States Probation Office.

**IT IS SO ORDERED** this 15th day of May, 2026.

_____
Leonard T. Strand
United States District Judge

4